IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GLENN RODNEY WRIGHT          §
                             §
          Plaintiff,         §
                             §
V.                           §          No. 3:14-cv-2276-G-BN
                             §
DALLAS TEXAS NSA,            §
                             §
          Defendant.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference. The undersigned issues the following findings of fact, conclusions of law,

and recommendation.

## Background

This is a civil action brought by Glenn Rodney Wright, appearing *pro se*,

against Defendant Dallas Texas NSA. On June 13, 2014, Plaintiff filed an amended

complaint in his previous case, *Wright v. Dallas TX National Security*, No. 3:13-cv-

4123-G-BN (N.D. Tex. 2013). That case was dismissed by judgment entered

November 8, 2013. In his amended complaint, Plaintiff presents claims unrelated to

the issues in his earlier lawsuit. Therefore, a new civil action was opened. *See* Dkt.

No. 3.

Plaintiff alleges that, when he left Ohio and relocated to San Antonio, Texas, the "Echelon System Walktime Satellite & Surveillance" brought criminal accusations using his name and social security number. *See* Dkt. No. 4. Plaintiff further alleges that there is a "Voice Amp // Loud Amp & Torturing Laser ... Hitting [his] Ears and Body 24/7." *See id.*

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

The undersigned notes that Plaintiff has filed dozens of similar lawsuits in Tennessee during the last few years, most of which allege various fanciful and delusional scenarios. *See,* e.g., *Wright v. Haslam*, No. 3:13-cv-1045 (M.D. Tenn. Oct. 2, 2013) (Dkt. No. 3) (summarily dismissing as "fantastic and delusional" Plaintiff's complaint alleging that he is being continuously stalked by the defendants and "hit in both ears by the Wartime Satellite Laser and Force Voice Amp Ear Laser Penetrator"); *see also Wright v. Nat'l Comm'n Reform*, No. 2:11-cv-2045-JDT-cgc (W.D. Tenn. Aug. 4, 2011) (Dkt. No. 5) (summarily dismissing Plaintiff's "unintelligible and incoherent complaint alleging that he is bombarded with voices broadcast by satellites"); *Wright v. Carter*, No. 2:10-cv-2634-JDT-tmp (W.D. Tenn. July 21, 2011) (Dkt. No. 4) (noting Plaintiff's filing of 80 prior cases in the district

since the fourth quarter of 2009 and summarily dismissing Plaintiff's complaint alleging that a United States congressman, the federal government, and unspecified other persons are conspiring to spy on Plaintiff using satellites).

### Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Additionally, the docket sheet reflects that Plaintiff failed to either pay the filing fee or seek leave to proceed *in forma pauperis*. Because this case is subject to summary dismissal, the undersigned recommends that the Court waive the filing fee in order to conserve scarce judicial resources that would be required to obtain the filing fee or a motion for leave to proceed *in forma pauperis* from Plaintiff.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE